UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

AUG 2 4 2009

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

---

ANTHONY VIDMAR, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

INTEGRAL SYSTEMS, INC., *et al.*,

Defendants.

No. 08-cv-03387-RWT

**ORDER GRANTING MOTION OF THE
ULRICH GROUP FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF CO-
LEAD COUNSEL**

---

## ORDER

Having considered the motion of Anthony Vidmar, Robert Ulrich, Mauro DiBacco,

Charles E. Varnell, Jr. and Nettie J. Varnell (collectively the "Ulrich Group" or "Movants"), for

appointment as Lead Plaintiff and approval of Lead Plaintiff's selection of Co-Lead Counsel, the

memorandum of law in support thereof, the declaration of Steven J. Toll in support of that

motion, and good cause appearing therefore,

**IT IS HEREBY ORDERED:**

1)      The Motion is granted.

2)      This Order (the "Order") shall apply to the above-captioned action (the "Action")

and to each case that relates to the same subject matter that is subsequently filed in this Court or

is transferred to this Court and consolidated with the Action (collectively, the "Consolidated

Action").

3)      An original of this Order shall be filed by the Clerk in the Master File.

4)    The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5)    Every pleading in the Consolidated Action shall have the following caption:

| | |
|---|---|
| IN RE INTEGRAL SYSTEMS, INC. SECURITIES LITIGATION | No. 08-cv-03387-RWT |

6)    Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

7)    The Court requests the assistance of counsel in calling attention to the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

8)    When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

a)    file a copy of this Order in the separate file for such action;

b)    mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed case; and

c)    make the appropriate entry in the Master Docket for the Consolidated Action.

9)      Movant the Ulrich Group is appointed to serve as Lead Plaintiff in the above-caption Action, pursuant to 15 U.S.C. §78u-4(a)(3)(B).

10)     The law firms Glancy Binkow & Goldberg LLP and Cohen Milstein Sellers & Toll PLLC are hereby approved as Co-Lead Counsel for the Class.  Co-Lead Counsel shall provide general supervision of the activities of plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

    a)      to brief and argue motions;

    b)      to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, preparation of written interrogatories, requests for admission and requests for production of documents;

    c)      to direct and coordinate the examination of witnesses in depositions;

    d)      to act as spokesperson at pretrial conferences;

    e)      to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    f)      to initiate and conduct any settlement negotiations with counsel for defendants;

    g)      to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    h)      to consult and employ experts;

    i)      to receive and review periodic time reports of all attorneys on behalf of

– 3 –

plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs and to determine and distribute plaintiffs' attorneys' fees; and

        j)    to perform such other duties as may be expressly authorized by further order of this Court.

    11)    Defendants shall effect service of papers not required to be filed with the Court through the CM/ECF system on plaintiffs by serving copies on Co-Lead Counsel by overnight delivery service, electronic mail ("e-mail"), telecopy, or hand delivery.  Plaintiffs shall effect service of papers not required to be filed with the Court through the CM/ECF system on defendants by serving copies on each of their counsel by overnight delivery service, e-mail, telecopy, or hand delivery.

    12)    Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted pro hac vice to practice before this Court in connection with these proceedings.

Dated: _____ Aug 21 ____, 2009

_____
HONORABLE .ROGER W. TITUS
UNITED STATES DISTRICT JUDGE